ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
      Federal Courthouse, 14th Floor
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-2569
      Facsimile:  (213) 894-7177
      E-mail:    Victor.Rodgers@usdoj.gov

JS-6

**FILED:  10/31/13**

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      vs.<br><br>$475,000.00 IN BANK FUNDS,<br><br>              Defendant. | No. CV 08-05260-GHK (SHx)<br><br>[~~PROPOSED~~]<br><br>**CONSENT JUDGMENT OF FORFEITURE** |
| LAMONT BENNETT and JILL JOHNSON BENNETT,<br><br>              Claimants. | |

      On or about August 11, 2008, Plaintiff United States of

America ("the government," "the United States of America" or

"plaintiff") filed a Complaint for Forfeiture alleging that the

defendant $475,000.00 in Bank Funds (the "defendant bank funds")

are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and 21 U.S.C. § 881(a)(6).

On or about November 24, 2008, claimants Lamont Bennett and Jill Johnson Bennett (collectively, "claimants") filed their respective claims to the defendant bank funds, and thereafter on or about January 12, 2009 filed their respective answers to the Complaint for Forfeiture.  No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimants are also parties in a related civil forfeiture action, entitled <u>United States of America v. $2,525,059.70 in U.S. Currency, et al.</u>, Case No. CV 08-03306-GHK(SHx) (the "related civil forfeiture litigation"), in which Lamont Bennett, Jill Johnson Bennett and Light Up Life Entertainment, Inc. have filed claims to various defendants and answered the complaint.

The government and claimants have now agreed to a global settlement of this action and the related civil forfeiture litigation, and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

//

2.    The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and 21 U.S.C. § 881(a)(6).

3.    Notice of this action has been given as required by law.  No appearances have been made in the litigation by any person other than claimants.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.    The defendant bank funds, plus all interest earned by the United States of America on the defendant bank funds (collectively, the "Non-Forfeited Bank Funds") shall be returned to claimants Lamont Bennett and Jill Johnson Bennett.

5.    The funds to be returned to claimants Lamont Bennett and Jill Johnson Bennett pursuant to paragraph 4 above shall be paid to them by electronic transfer directly into the client trust account of Paul Gabbert, Esq., attorney of record for claimants in this case.  Claimants Lamont Bennett and Jill Johnson Bennett (through their attorney of record Paul Gabbert, Esq.) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing claimants' attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Paul Gabbert client trust account to which the transfer of funds is to be made.

//

6.     Notwithstanding anything to the contrary in this Consent Judgment of Forfeiture (including, without limitation, paragraphs 4 and 5 above pertaining to the return of the Non-Forfeited Bank Funds), nothing contained in this Consent Judgment of Forfeiture shall be deemed to restrict, waive, limit or otherwise prejudice in any way any rights of the United States of America (or any of its departments, agencies, representatives or designees) to seize, attach, levy on or by any other means take possession of any or all of the Non-Forfeited Bank Funds, in order to satisfy any tax (including income tax), fine, liability or other debt owed by any of the claimants, before those funds are returned to claimants Lamont Bennett and Jill Johnson Bennett by electronic transfer (as provided in paragraph 5 above).  Should the United States of America (or any of its departments, agencies, representatives or designees) undertake such action as to any or all of the Non-Forfeited Bank Funds, the affected Non-Forfeited Bank Funds shall not be physically returned to claimants Lamont Bennett and Jill Johnson Bennett by electronic transfer (as provided in paragraph 5) or otherwise.

7.     Claimants, and each of them, on behalf of themselves and each of their respective agents, representatives, heirs, successors and assigns (if any) hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration, the Department of Justice and their respective agencies, as well as all agents, officers, employees and

representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimants, or any of them, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8.   The Court finds that there was reasonable cause for the seizure of the defendant bank funds and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

9.   The Court further finds that claimants did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

10.   This Consent Judgment of Forfeiture is contingent upon the Court's entry of the consent judgment of forfeiture lodged contemporaneously herewith in the related civil forfeiture litigation.

DATED:   10/31/13

_____
THE HONORABLE GEORGE H. KING
CHIEF U. S. DISTRICT JUDGE

1

<u>CONSENT</u>

2    The parties hereto consent to the above Consent Judgment of

3   Forfeiture and waive any right of appeal.

4

5   DATED: _____, 2013    ANDRÉ BIROTTE JR.
                                     United States Attorney
6                                    ROBERT E. DUGDALE
                                     Assistant United States
7                                    Attorney  Chief, Criminal Division
                                     STEVEN R. WELK
8                                    Assistant United States Attorney
                                     Chief, Asset Forfeiture Section
9

10                                   _____
                                     VICTOR A. RODGERS
11                                   Assistant United States Attorney

12                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
13

14

15  DATED: _____, 2013    PAUL L. GABBERT

16

17                                   _____
                                     Attorneys for Claimants
18                                   LAMONT BENNETT and JILL JOHNSON
                                     BENNETT
19

20

21  DATED: _____, 2013    _____
                                     LAMONT BENNETT
22

23

24  DATED: _____, 2013    _____
                                     JILL JOHNSON BENNETT

25

26

27

28